UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHMOND ESSEX, L.P.,<br><br>    Plaintiff,<br><br>    v.<br><br>KENNETH B. SHERMAN, et al.,<br><br>    Defendants. | Case No. 16-cv-05200-KAW<br><br>**AMENDED REPORT AND RECOMMENDATION TO REMAND ACTION TO STATE COURT; ORDER REASSIGNING CASE**<br><br>Re: Dkt. Nos. 1, 2, 3 |

On September 9, 2016, Defendants Kenneth B. Sherman and Kathy A. Sherman, acting pro se, removed this unlawful detainer action from Contra Costa Superior Court.

As removal is obviously improper, the undersigned also recommends that the case be REMANDED to state court. Furthermore, as neither party has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c), this case should be REASSIGNED to a district judge.

## I.   BACKGROUND

Plaintiff commenced this unlawful detainer action in Contra Costa County Superior Court on July 22, 2016. (Dkt. No. 1.) The case is a "limited civil case," as the amount demanded is less than $10,000. (*Id.*) Plaintiff seeks possession of certain property located in Richmond, California, which Defendants currently occupy. (*See id.*) On September 9, 2016, Defendants removed the action to this Court, claiming that the case presents a federal question. (Dkt. No. 1.)

## II.   LEGAL STANDARD

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court . . . for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A party seeking to remove an action to federal court bears the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d

1  564, 566 (9th Cir. 1992) (per curiam).  "Federal jurisdiction must be rejected if there is any doubt

2  as to the right of removal in the first instance." *Id.* (citation omitted).

3        Federal district courts have original jurisdiction over actions that present a federal question

4  or those based on diversity jurisdiction.  *See Wayne v. DHL Worldwide Express*, 294 F.3d 1179,

5  1183 & n.2 (9th Cir. 2002).  Federal district courts have federal question jurisdiction over "all civil

6  actions arising under the Constitution, laws or treaties of the United States."  28 U.S.C. § 1331.

7  Federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that

8  the basis for federal jurisdiction must appear on the face of the properly pleaded complaint, either

9  because the complaint directly raises an issue of federal law or because the plaintiff's "right to

10 relief under state law requires resolution of a substantial question of federal law in dispute

11 between the parties." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*,

12 463 U.S. 1, 13 (1983).  "[A] case may not be removed to federal court on the basis of a federal

13 defense . . . , even if the defense is anticipated in the plaintiff's complaint . . . ."  *Caterpillar Inc. v.*

14 *Williams*, 482 U.S. 386, 393 (1987) (citation omitted).

### III.  DISCUSSION

16       Defendants have failed to establish that federal question jurisdiction exists over this action.

17 The state court action is an unlawful detainer case.  (*See* Dkt. No. 1.)  This does not present a

18 federal question.  *See Litton Loan Servicing, L.P. v. Villegas*, No. 10-5478 (PJH), 2011 WL

19 204322, at *2 (N.D. Cal. Jan. 21, 2011).  Defendants' assertion that a federal question exists

20 because their answer is "a pleading depend [*sic*] on the determination of Defendant's [*sic*] rights

21 and Plaintiff's duties under federal law" does not alter this analysis.  The well-pleaded complaint

22 rule prevents the Court from considering any such claims.  *See Provincal Gov't of Marinduque v.*

23 *Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009).

24       Accordingly, because Defendants attempt to invoke this Court's jurisdiction based on a

25 federal question, and because this action presents no such federal question, the Court finds that

26 subject matter jurisdiction does not exist in this case.

### IV.  CONCLUSION

28       For the reasons set forth above, the undersigned recommends that this case be

1  REMANDED to state court for lack of subject matter.

2  Any party may file objections to this report and recommendation with the district judge
3  within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);
4  N.D. Civil L.R. 72-2. The parties are advised that failure to file objections within the specified
5  time may waive the right to appeal the District Court's order. *IBEW Local 595 Trust Funds v. ACS*
6  *Controls Corp.*, No. C-10-5568 EDL, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

7  IT IS SO RECOMMENDED.

10  IT IS SO ORDERED.

11  Dated: September 21, 2016

KANDIS A. WESTMORE
United States Magistrate Judge